Manuel Raul Reyo Pena Garcia
**MONTERO, Petitioner–**
**Appellant,**

v.

George **BUSH, Respondent–Appellee.**

Manuel Raul Reyo Pena Garcia
Montero, Petitioner–
Appellant,

v.

George Bush, Respondent–Appellee.

Nos. 04–5022, 04–8032.

United States Court of Appeals,
Tenth Circuit.

Aug. 11, 2004.

Manuel Raul Reyo Pena Garcia Monte-
ro, Leavenworth, KS, pro se.

Before KELLY, HENRY, and
TYMKOVICH, Circuit Judges.*

## ORDER AND JUDGMENT**

PAUL J. KELLY, JR., Circuit Judge.

Petitioner–Appellant Manuel Raul Reyo
Pena Garcia Montero, a federal prisoner
appearing pro se, seeks to appeal the deni-
al of his two petitions for habeas corpus,
28 U.S.C. § 2241. We have consolidated
these two appeals on our own motion. *See*
Fed. R.App. P. 3(b)(2).

In No. 04–5022, Mr. Montero appeals
from an order of the United States District
Court for the Northern District of Okla-
homa, dismissing his § 2241 petition. In
order to appeal the district court's dismiss-
al of his petition, Mr. Montero requests
that this court grant him leave to proceed
in forma pauperis (IFP). Mr. Montero is
required to demonstrate not only a finan-
cial inability to pay the required fees, but
also "a reasoned, nonfrivolous argument on
the law and facts in support of the issues
raised on appeal." *McIntosh v. United*
*States Parole Comm'n,* 115 F.3d 809, 812

---

* After examining the briefs and the appellate
  record, this three-judge panel has determined
  unanimously that oral argument would not be
  of material assistance in the determination of
  this appeal. *See* Fed. R.App. P. 34(a); 10th
  Cir. R. 34.1(G). The cause is therefore or-
  dered submitted without oral argument.

** This order and judgment is not binding prec-
  edent, except under the doctrines of law of
  the case, res judicata, and collateral estoppel.
  This court generally disfavors the citation of
  orders and judgments; nevertheless, an order
  and judgment may be cited under the terms
  and conditions of 10th Cir. R. 36.3.

(10th Cir.1997) (internal quotation marks omitted). Although a § 2241 petition is not a "civil action" for purposes of § 1915(a)(2) and (b), a petitioner still must comply with the good faith requirements of 28 U.S.C. § 1915(a)(3) and Fed. R.App. P. 24(a)(3)(A), and the appeal is subject to dismissal if shown to be frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); *McIntosh*, 115 F.3d at 112.

Despite finding Mr. Montero's claims "fantastic and delusional," the district court, in an abundance of caution, granted Mr. Montero IFP status and then summarily dismissed his claims on the merits. R. (04–5022) Doc. 3 at 2. The district court then certified that the appeal was not taken in good faith and denied IFP on appeal.

We also deny IFP and dismiss the appeal because Mr. Montero has failed to show the existence of a nonfrivolous argument on the law and facts in support of the issues raised on appeal and the appeal is frivolous. The underlying claims are clearly "fantastic and delusional" and factually frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

In No. 04–8032, the United States District Court for the District of Wyoming dismissed Mr. Montero's § 2241 petition, finding that the court lacked jurisdiction because Mr. Montero is neither incarcerated in Wyoming nor incarcerated pursuant to an order of any court in the State of Wyoming. *See* R. (No. 04–8032) Doc. 2 at 1–2; *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."). Because Mr. Montero has submitted the identical materials in support of this appeal as he submitted in support of the appeal discussed above, we likewise deny IFP status and dismiss the appeal.

APPEALS DISMISSED.